Roland J. KALB, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant
and Third-Party Plaintiff-Appellee,

v.

Jerome L. HEROLD, Third-Party
Defendant-Appellant.

Nos. 741 and 742, Dockets 73–2222
and 73–2256.

United States Court of Appeals,
Second Circuit.

Argued April 3, 1974.

Decided Oct. 15, 1974.

Samuel M. Eisenstat, New York City (J. Michael Gottesman and Eisenstat & Gottesman, P. C., New York City, on the brief), for plaintiff-appellant Kalb.

Eugene R. Anderson, New York City (Anderson, Russell & Kill, P. C., New York City, on the brief), for third-party defendant-appellant Herold.

Joel B. Harris, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the Southern District of New York, and Gerald A. Rosenberg, Asst. U. S. Atty., on the brief), for defendant and third-party plaintiff-appellee.

Before HAYS and OAKES, Circuit Judges, and CHRISTENSEN, District Judge.*

* Honorable A. Sherman Christensen of the United States District Court for the District of Utah, sitting by designation.

HAYS, Circuit Judge:

In April 1969 the IRS assessed appellants $163,613.35 in penalties pursuant to 26 U.S.C. § 6672 (1970) for failure to collect and pay over to the United States taxes withheld from employees of Herold Radio & Electronics Corp. for various periods in 1959, 1960, and 1961. Appellant Kalb paid part of the assessment and then commenced an action for a refund of the payment. The United States counterclaimed for the unpaid part of the assessment. Later the United States commenced a third-party action against appellant Herold and another officer of Herold Electronics. Herold counterclaimed for his partial payment of the assessment. After introduction of evidence by all parties the district court granted the motion of the United States to dismiss Kalb's claim and Herold's counterclaim and to direct a verdict for the United States on its counterclaim and third-party claim.

We find that there was a triable issue of fact as to whether Herold's failure to pay was "willful" within the meaning of section 6672. We therefore reverse and remand as to him. In all other respects we affirm the judgment of the district court.

### I.

In 1949 appellants and one Morris Steelman formed a business to manufacture radios and phonographs. In 1955 they revised the corporate structure of the venture, making Herold Radio the parent company with Steelman Phonograph Company and Roland Radio Company as subsidiaries.

In 1959 the company's financial condition began to deteriorate. The Bankers Trust Company, which had provided financing for the business, threatened to withdraw its line of credit. The parties reached an agreement whereby financing continued on the condition that the bank was permitted to place a representative on Herold Radio's premises to oversee the company's financial operations.

In the ensuing period the bank and the company tried to keep the latter financially viable by paying only the company's most persistent creditors and deferring others. Although the company continued to withhold taxes from its employees, it did not pay over these taxes to the government.

The efforts to save Herold Radio failed. In January 1961 the company ceased operations with the withholding taxes still unpaid.

Pursuant to 26 U.S.C. § 6672 [1] (1970) the government then assessed appellants for the full amount of the unpaid taxes.

### II.

Appellant Herold claims that under 26 U.S.C. § 6501 (1970) the statute of limitations ran as to him for the first quarter of 1961. The return was filed after the company's bankruptcy and was not signed. Generally an unsigned return does not start the statute of limitations running. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 248–249, 50 S.Ct. 297, 74 L.Ed. 829 (1930); Doll v. Commissioner, 358 F.2d 713 (3d Cir. 1966).

Herold seeks to distinguish his case on the ground that it was not his return and that he was not aware it was unsigned. He offers no authority for his position.[2] Although the return was

---

1. The statute provides:

    "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

2. The two cases advanced by appellant clearly differ from the instant case. In Miller v. Commissioner, 237 F.2d 830, 837 (5th Cir. 1956), the court held that the IRS could not claim that for purposes of the statute of limitations the return was unsigned when

not personal, Herold was responsible for it, see part V infra. We find no reason to remove this case from the general rule that the statute does not run while the return remains unsigned.

■ Herold also claims that he is not liable for taxes withheld in the second and third quarters of 1960 because the taxes did not become due until August 15, 1960, on which date the company filed a petition under Chapter XI of the Bankruptcy Act. Herold argues that in those circumstances payment of a pre-existing debt was impermissible as a matter of law. However, withholding taxes are not simply a debt. They are part of the wages of the employee, held by the employer in trust for the government. 26 U.S.C. § 7501(a) (1970). In paying the taxes over to the government the employer merely surrenders that which does not belong to him. We know of no rule prohibiting such payments by a petitioner under Chapter XI.

■■ Herold also contends that he is not liable for the penalty for the first quarter of 1961 because the company went bankrupt on January 14, 1961, at which time the payments for the first quarter were not yet due. The fact that the taxes were not yet due is irrelevant. As the employer withholds taxes from employees' wages a contingent liability is created. The liability merely becomes fixed on the due date. See In re Serignese, 214 F.Supp. 917, 920 (D.Conn. 1963), aff'd sub nom., Goring v. United States, 330 F.2d 960 (2d Cir. 1964 (mem.)). Again, appellant shows no authority for the claim that payments of these funds held in trust are prohibited by law. Even adjudication as a bankrupt does not discharge liability for taxes withheld from employees. Bankruptcy Act § 17(a)(1)(e), 11 U.S.C. § 35(a)(1)(e) (1970).

The filing of the Chapter XI petition and the subsequent bankruptcy of Herold Radio therefore do not excuse nonpayment.

## III.

■ Both appellants claim that Herold Radio requested the IRS to apply an overpayment arising from the company's net operating loss in 1960 to reduce its withholding tax liability, that the IRS wrongfully refused to honor that request, and that if the loss is so applied it will eliminate appellants' liability.

26 U.S.C. § 6402(a) (1970) clearly gives the IRS discretion to apply a refund to "any liability" of the taxpayer. Kalb claims that the IRS did not have this discretion here because the overpayment was voluntary. Although in other areas of the law a payor may have power to direct application of voluntary payments, we find no basis for such power in tax law. Cf. United States v. Rochelle, 363 F.2d 225, 232–233 (5th Cir. 1966); Jewel Shop, Inc. v. United States, 352 F.2d 526, 530, 173 Ct.Cl. 466 (1965); Horwitz v. United States, 339 F.2d 877, 878 (2d Cir. 1965).

Herold argues that even if the IRS properly refused to apply the overpayment to the withholding tax liability, his reasonable belief that it would be so applied negates the allegation that he willfully failed to pay the tax. The Fifth Circuit has recognized an exception of "very limited application" to section 6672 where there is "reasonable cause" for the willful failure to pay over withholding taxes. See Newsome v. United States, 431 F.2d 742, 746–747 & n. 11 (5th Cir. 1970). Other circuits have explicitly rejected the "reasonable excuse" exception. See Monday v. United States, 421 F.2d 1210, 1216 (7th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

---

the taxpayer's wife had signed taxpayer's name in accordance with his directions. In Ardbern Co. v. Commissioner, 120 F.2d 424, 427 (4th Cir. 1941), the court held in essence that the IRS was estopped from claiming that the return was unsigned because the infirmity was induced by the actions of its own agent. Neither holding supports appellant's position.

In this case the government at no time indicated that the overpayment would be applied to the withholding tax liability. Attorneys for the company petitioned the referee in bankruptcy for such relief, but neither the referee nor the government ever suggested the relief would be granted. Thus any assumption by appellants that the overpayment would be applied to the withholding tax liability was totally unjustified.

### IV.

Appellant Herold raises several claims as to the constitutionality of section 6672. None has any merit.

First, he claims that section 6672 imposes criminal penalties and that it was therefore unconstitutional to apply it without extending to him the rights enjoyed by criminal defendants. The statute essentially provides penalties for breach of that trust imposed by 26 U.S.C. § 7501(a) (1970) when an employer fails to pay to the government taxes withheld from the wages of employees. Thus the penalty imposed is civil in nature. Monday v. United States, supra; see Botta v. Scanlon, 314 F.2d 392, 393 (2d Cir. 1963).

Herold argues that the assessment procedure denied him due process because he was not afforded a hearing before the penalty was levied. It has long been held that collection of taxes by summary proceedings, with judicial review afforded after assessment, does not violate due process. See Phillips v. Commissioner, 283 U.S. 589, 595, 51 S. Ct. 608, 75 L.Ed. 1289 (1931). Only recently the Court expressly recognized that collection of taxes is one of the exceptions to the requirement of a prior hearing. Fuentes v. Shevin, 407 U.S. 67, 92 & n. 24, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

### V.

Appellants claim that they were not "responsible persons" and did not willfully fail to pay taxes within the meaning of section 6672.

First, they claim that during the relevant period Bankers Trust Company controlled Herold Radio's finances and prevented appellants from paying withholding taxes. They allege that they always included taxes in the list of debts forwarded to the bank for approval of payment, but that the bank refused to approve payment. The government contests the allegation, but even if it were true it would not absolve appellants because it is undisputed that appellants voluntarily entered into and at all times acceded to the arrangement.

Appellants concede that any power the bank may have had to select which creditors should be paid was granted by appellants as part of the consideration for the bank's continuing financing of Herold Radio. Appellants maintained legal control of the company, including the power to sign checks. Appellants were always free to rescind the agreement if it involved them in breaches of their duties under section 3402(a).

To permit corporate officers to escape liability under section 6672 by entering into agreements which prefer other creditors to the government would defeat the entire purpose of the statute. As we have noted, and as section 7501(a) makes explicit, withholding taxes are held in trust. We cannot imagine that in any other context a trustee could avoid his obligations by entering into an agreement by which funds entrusted to him are used to pay his other obligations. Similarly, we will not permit appellants so to escape their obligations here. Cf. United States v. Hill, 368 F. 2d 617, 620–622 (5th Cir. 1966); United States v. Strebler, 313 F.2d 402, 404 (8th Cir. 1963); Bloom v. United States, 272 F.2d 215, 222–223 (9th Cir. 1959), cert. denied, 363 U.S. 803, 80 S. Ct. 1236, 4 L.Ed.2d 1146 (1960).

The only remaining question is whether Kalb and Herold were "responsible persons" and whether they "willfully" failed to pay taxes.

Under section 6672 a responsible person is "[a]ny person required to collect,

truthfully account for, and pay over" the relevant tax. 28 U.S.C. § 6672 (1970). Except to the extent that he relies on the arrangement with the bank, Kalb hardly denied that he was a responsible person. Kalb was the Chairman of the Board and chief executive officer of the company. S. Freedland, the company's controller and head of its accounting department, was responsible to Kalb. It was Kalb who negotiated the agreement whereby Bankers Trust continued to finance Herold Radio. In general, the evidence amply demonstrated that Kalb held ultimate authority over the company's financial affairs and was clearly a "responsible person."

As to Herold the evidence is less overwhelming but still justified a directed verdict on the issue of responsibility. He was president of the company, a major stockholder, and he participated in discussions by the board concerning the company's financial condition and tax problems. He signed checks, including on occasion checks to the IRS, and he signed some of the company's tax returns. Although his involvement in the financial affairs of the company was not as great as Kalb's, it was sufficient to make him a responsible person.

■ Nor is there any substantial question that Kalb's failure to pay was willful. He not only knew of but negotiated the arrangement with the bank under which other creditors were preferred to the government. He participated in the arrangement by signing checks while knowing that withholding taxes were not being paid.

■ As to Herold, however, a rather different situation exists. He claims, that he did not know that withholding taxes were not being paid. He contends that he became president of the corporation through the historical accident that Herold Radio became the parent company when the three constituent companies merged in 1955, that in substance he was only the purchasing agent for the company, and that he had little understanding of financial matters. He also claims that payment of the corpora-

tion's taxes was handled by others, a not untenable claim since Herold Radio was a fairly large organization, employing 800 workers at its peak.

In the district court and in this court the government does not deny Herold's claim, but argues that because of his official capacity he had a duty to know about the arrearage in withholding taxes. A corporate officer acts "willfully" within the meaning of section 6672, the government argues, when he should have known that taxes owed were not paid. We cannot agree. Conduct amounting to no more than negligence is not willful for purposes of § 6672. Dudley v. United States, 428 F.2d 1196, 1200 (9th Cir. 1970). It is, however, not necessary that evil motive or intent to defraud be proven in order to establish willfulness. Monday v. United States, 421 F.2d at 1216; Bloom v. United States, 272 F.2d at 223. *Monday* defined willful action under § 6672 as "voluntary, conscious and intentional—as opposed to accidental—decisions not to remit funds properly withheld to the Government." 421 F. 2d at 1216. That definition has been widely accepted. Dudley v. United States, 428 F.2d at 1198 n. 3. *See e. g.,* Spivak v. United States, 370 F.2d 612, 615 (2d Cir.), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). *Monday* also points out, as has to be the case, that willful conduct "may also indicate a reckless disregard for obvious or known risks." 421 F.2d at 1215. Willful conduct also includes failure to investigate or to correct mismanagement after having notice that withholding taxes have not been remitted to the Government. United States v. Leuschner, 336 F.2d 246 (9th Cir. 1964); Dougherty v. United States, 327 F.Supp. 202 (D.S.D.1971), aff'd without opinion, 471 F.2d 656 (8th Cir. 1972). *See* Burack v. United States, 461 F.2d 1282, 198 Ct.Cl. 855 (1972).

This case must therefore be remanded for determination of whether Herold, a responsible person under § 6672, "willfully" failed to see to it that the withheld taxes were paid over to the rightful payee, the Internal Revenue Service.