Arnold M. **COHN** et al., Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

No. 71 C 982.

United States District Court,
E. D. New York.

July 28, 1975.

## MEMORANDUM AND ORDER

BRAMWELL, District Judge.

This is a motion by the defendant, UNITED STATES OF AMERICA, for partial summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

In March, 1970, the District Director of Internal Revenue for the Eastern District of New York made two penalty assessments against plaintiffs, in the amount of $33,805.49. The assessments were made pursuant to 26 U.S.C. § 6672 [1] of the Internal Revenue Code, on the ground that plaintiffs were "responsible persons" who failed to pay withholding and social security taxes for employees of the Hemisphere Building Services Corp. during four tax quarters in 1966 and 1967.

Each of the three plaintiffs made two partial payments of $100, and filed claims with the District Director of Internal Revenue for refund and abatement of the remainder of the penalty taxes. In October, 1970, the plaintiffs' claims were denied; this action was then commenced in the United States District Court.

Plaintiffs seek, first, a recovery of the $600.00 payments which, they allege, were collected erroneously, and, second, a declaration that the penalty assessments are invalid. By a third claim, plaintiffs contend that the procedure for contesting the assessment and payment under 26 U.S.C. § 6672 violates the Constitutional guarantees of due process and equal protection.

The defendant, United States of America, counterclaimed for $28,251.34, (the balance of the sum owing after partial payments were collected) and commenced a third-party action against oth-

Lippe, Ruskin & Schlissel, P. C., Mineola, N. Y., for plaintiffs.

David Trager, U. S. Atty., E. D. N. Y. by Henry Brachtl, Asst. U. S. Atty., Brooklyn, N. Y., Thomas Lawler, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

1. 26 U.S.C. § 6672 (1970) provides:
   "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

er officers of the Hemisphere Corp. and now moves for partial summary judgment in its favor with respect to plaintiffs' third claim for relief. There are no facts in dispute; the issue is the constitutionality of the Internal Revenue procedure for contesting liabilities imposed under Section 6672 of the Internal Revenue Code for failure to pay over withholding taxes.

Plaintiffs' challenge is predicated on the ground that there is no opportunity for a judicial hearing to contest the liabilities imposed under Section 6672 prior to making partial payment. In order to challenge the assessment in a judicial proceeding, they must pay the withholding tax due for one employee for each quarter. Despite the jurisdictional requirement of only a partial payment, however, they remain liable for the entire assessment during the pendency of a suit for refund, even though there has been no judicial determination of the validity of the assessment. In the case at bar, plaintiffs contend that, although there was a dispute as to whether they were "responsible persons", liable under Section 6672, they were forced to post a security bond for the full amount of the assessment, and, therefore, suffered a deprivation of property without due process of law.

As the Government has indicated, the Supreme Court has spoken to plaintiffs' argument. In *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 599–600, 51 S.Ct. 608, 612, 75 L.Ed. 1289 (1931), the validity of summary procedures for collection of taxes was upheld.

[I]t has already been shown that the right of the United States to exact immediate payment and to relegate the taxpayer to a suit for recovery is paramount. The privilege of delaying payment pending immediate judicial review, by filing a bond, was granted by the sovereign as a matter of grace solely for the convenience of the taxpayer.

In 1972, the Court reaffirmed its position in *Fuentes v. Shevin*, 407 U.S. 67, 92, n. 24, 92 S.Ct. 1983, 32 L.Ed.2d 556, noting that the collection of taxes is an exception to the due process requirement of a prior hearing.

In a recent case, the Court of Appeals for the Second Circuit relied on the *Phillips* and *Fuentes* cases to uphold the constitutionality of the summary collection procedure for assessments made under Section 6672, the same section which is challenged herein. *See Kalb v. United States*, 505 F.2d 506 (2d Cir. 1974). This Second Circuit decision, of course, is binding on this court. The Seventh Circuit has reached the same determination, and has sustained Section 6672 against a due process challenge. *See Bernardi v. United States*, 74–1 U.S.T.C. par. 9170 (N.D.Ill.1974), *aff'd per curiam*, 75–1 U.S.T.C. par. 9133 (7th Cir. 1975).

Under the authorities cited, there is obviously no question that assessments imposed under Section 6672 may be collected without a prior judicial hearing.

However, plaintiffs ask this court to consider further argument with regard to the equality of the operation of the Internal Revenue assessment procedures. They concede that the Government need not provide any taxpayer an opportunity to seek judicial review prior to collecting taxes.[2] They assert, however, that they are denied equal protection of the law guaranteed by the Fifth Amendment, because taxpayers who are assessed deficiencies in income, estate, and gift taxes *are* permitted to petition the tax court to contest the liability prior to payment.[3] Plaintiffs claim that the

2. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment, at 4.

3. 26 U.S.C. § 7421 provides:
"Except as provided in sections 6212(a) and (c) [and] 6213(a), . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."
Section 6213(a) of the Internal Revenue Code provides that no assessment of income, estate, or gift tax shall be made prior to notifying the taxpayer of the deficiency. After

Government may not, consistent with due process, provide a hearing for one group of taxpayers but deny it to others. They claim that a constitutionally impermissible classification has been made.

In response, the defendant, United States, has relied on the *Kalb* and *Bernardi* cases, *supra,* both of which sustained Section 6672 against constitutional attacks with reference to the need for a prior hearing; it has failed, however, to provide this Court with authority which is clearly addressed to the issue which plaintiffs have raised, *i. e.,* whether the classifications which exist in the Internal Revenue Code, which deny to some taxpayers a prior hearing permitted to others, are relevant to the achievement of a valid governmental objective.

■ The Supreme Court, in dealing with the issue of statutory discrimination, has indicated that it is appropriate to defer to a legislative classification if "any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

> Under "traditional" equal protection analysis, a legislative classification must be sustained unless it is "patently arbitrary" and bears no rational relationship to a legitimate governmental interest.

*Frontiero v. Richardson,* 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973). *See Jefferson v. Hackney,* 406 U.S. 535, 546, 92 S.Ct. 1724, 1731, 32 L. Ed.2d 285 (1972); *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970).

Unaided by the parties' briefs, this court has researched the issue and has determined that the statutory classification meets the test set out above.

It is obvious that the Government has a strong interest in the "prompt collection of its lawful revenue". *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Phillips v. Commissioner of Internal Revenue, supra.* Consistent with its need to secure revenues, the Congress has, with certain exceptions, prohibited suits to restrain the collection of taxes. *See* 26 U.S.C. § 7421, at note 3, *supra.*

Where such suits are permitted, it is due to the difference in the nature of the assessment which lends itself to the difference in procedure of which plaintiffs complain.

Income, estate and gift deficiency assessments, for which a restraining suit will lie, are based on an administrative evaluation of income or property which differs from the taxpayer's evaluation; withholding taxes, however, for which plaintiffs are allegedly liable, are generally a liquidated amount. As stated in the *Kalb* case, *supra,* 505 F.2d at 509:

> [W]ithholding taxes are not simply a debt. They are part of the wages of the employee, held by the employer in trust for the Government. 26 U.S.C. § 7501(a) (1970). In paying [them] over to the government, the employer merely surrenders that which does not belong to him.

An assessment imposed pursuant to Section 6672 is based upon a willful failure to pay over the contingent liability which had been created by withholding such wages, and which merely becomes fixed on the due date.

According to the U.S. Internal Revenue Service, *Annual Report of the Commissioner* (1973), over 60% of the revenue collected by the United States derives from taxes withheld from wages, while the figures for income taxes *not* withheld, for estate and gift taxes, and for excise taxes are 12%, 2%, and 7% respectively. *See* U.S. Bureau of the Census, *Statistical Abstract of the United States:* 1974 (95th edition) (Washington, D. C. 1974) at page 226.

receiving notice, the taxpayer may institute a proceeding to contest the deficiency; assessment and collection are stayed during the pendency of the action.

Rationally, the Government could determine that the assessments which provide, statistically, the greatest percentage of revenue should be paid over prior to a suit for refund, especially in view of the fact that such money is held in trust for the Government. *Spivak v. United States,* 370 F.2d 612 (2d Cir. 1967).

Therefore, this court has determined that there is sufficient factual support to justify the statutory classification. *McGowan v. Maryland, supra.* Since there is no denial of due process, plaintiffs' third claim, the constitutional challenge to Section 6672 of the Internal Revenue Code, is without merit.

Accordingly, defendant's motion for partial summary judgment is granted.

So ordered.