**Ronald N. TOTARO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–79–451.**

United States District Court,
W. D. New York.

Nov. 6, 1981.

Ronald N. Totaro, pro se.

Jonathan B. Forman, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Pursuant to 26 U.S.C. § 6672, the Internal Revenue Service ("the IRS") has assessed penalties against plaintiff for failure to pay over withholding taxes due from Motif Construction Corporation and Gardenville Lumber and Supply Company, Inc. for the second, third and fourth quarters of 1974. Plaintiff paid a portion of the assessments and then filed a claim for a refund and a redetermination of the assessments. After the IRS had denied his claim, plaintiff commenced this action *pro se* to obtain a refund and an abatement of the assessments. The government counterclaimed for the unpaid balance of the penalties and has now moved for summary judgment.

Summary judgment is a drastic remedy which may be granted only when there are no material issues of fact to be resolved at trial. *Gladstone v. Fireman's Fund Ins. Co.*, 536 F.2d 1403, 1406 (2d Cir.

1976). The moving party has the burden of demonstrating that there is no material factual issue and that he is entitled to judgment as a matter of law. *Robertson v. Seidman & Seidman*, 609 F.2d 583, 591 (2d Cir. 1979). In ruling upon a motion for summary judgment, a court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * *." *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975). After reviewing the pleadings, the transcripts of pretrial depositions, plaintiff's answers to interrogatories and request for admissions, and the affidavits and memoranda of law submitted on the current motion, I have concluded that defendant has carried its significant burden of establishing that it is entitled to judgment as a matter of law.

Motif was a building company formed in 1971 by plaintiff and his brother. Plaintiff purchased his brother's share of the company in 1972 and thereby became the sole stockholder. He was also the company's President and Treasurer and its only Director. Plaintiff controlled Motif on a day-to-day basis, negotiated contracts on its behalf, paid its bills and signed checks for it. Motif's construction was done by subcontractors rather than employees of its own. Its sole employee, a general manager, supervised the work of the subcontractors.

In September, 1973 Motif purchased 100 percent of the stock of Gardenville, a lumber company which was Motif's supplier. Citibank (Western), N.A. financed this purchase. Plaintiff became President and the only Director of Gardenville. He assumed control over its day-to-day operations, and also continued to sign contracts and write checks for Motif. Gardenville employed from 25 to 50 persons and its payroll checks were co-signed by plaintiff and its payroll clerk.

In April, 1974 it became necessary to refinance Motif's loan from Citibank due to misstatements concerning Gardenville's accounts receivable during the sale to Motif. Because Gardenville's cash position was poorer than originally thought, certain restrictions were imposed on Gardenville and Citibank was given at least some control over the management of the company. Citibank maintained a special account with some $52,000 in loan proceeds, over which Gardenville had no control, in order to pay creditors of Gardenville which Citibank deemed most important to the business. Plaintiff claims that Citibank also exercised control over payments made out of Gardenville's regular account. According to plaintiff, checks on the account were prepared during the week and a Citibank employee would visit the company's offices on Fridays. If Citibank approved the check, it would be mailed to the creditor. The same procedure was utilized with respect to both Motif and Gardenville. Plaintiff claims that he submitted checks for payment of federal withholding taxes to the Citibank representative but that Citibank refused to permit such payments.

A corporate officer may be held liable under section 6672 of the Internal Revenue Code if he was required to collect, account for and pay over withholding taxes and if he willfully failed to meet such obligation or obligations. *United States v. Sotelo*, 436 U.S. 268, 280, n.13, 98 S.Ct. 1795, 1802, n.13, 56 L.Ed.2d 275 (1978); *Emshwiller v. United States*, 565 F.2d 1042, 1044–5 (8th Cir. 1977); *Maggy v. United States*, 560 F.2d 1372, 1374 (9th Cir. 1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978); *Harrington v. United States*, 504 F.2d 1306, 1311 (1st Cir. 1974). A responsible person under section 6672 is one who has the final word concerning what bills should be paid; he must have significant (although not necessarily exclusive) authority to direct or control the payment of funds of the corporation. *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir. 1976); *Pacific National Insurance v. United States*, 422 F.2d 26, 30–1 (9th Cir.), *cert. denied* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970); *Koegel v. United States*, 437 F.Supp. 176, 180 (S.D.N.Y.1977). Conduct is willful within the meaning of section 6672 if it is voluntary, conscious and intentional. *Kalb v. United States*, 505 F.2d 506, 511 (2d Cir. 1974), *cert. denied* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471

(1975); *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.), *cert. denied* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

Except to the extent that Citibank assumed control over Motif's and Gardenville's finances, plaintiff does not seriously deny that he is a responsible person under section 6672 or that the failure to pay over withholding taxes was willful. However, the United States contends that *Kalb v. United States, supra*, precludes plaintiff from relying on Citibank's exercise of control over the businesses in order to avoid liability under section 6672.

*Kalb* held that a bank's exercise of control over a corporation did not relieve two officers of the corporation from liability under section 6672 even though the bank did not approve payment of the withholding taxes, where the officers retained legal control over the company, including the ability to sign checks, and where they could have rescinded the agreement pursuant to which the bank exercised control. Similarly, in *Taubman v. United States*, 499 F.Supp. 1133 (E.D.Mich.1978), *aff'd* 635 F.2d 1215 (6th Cir. 1980), the court was confronted with an argument that a creditor's control of a corporation's disbursements rendered the corporation's officers free from liability under section 6672. Although the creditor controlled disbursement of the corporation's funds and directed that no funds be allocated to pay withholding taxes, the court relied upon *Kalb* and rejected the officers' defense, stating:

"Whatever the terms or conditions of the financing agreement between Prebuilt [the corporation] and INI [the creditor] * * *, the officers of Prebuilt remained in legal control of the corporation and retained the power to make actual cash disbursements to payroll. Thus, and quite clearly, they also retained the legal responsibility for the collection and payment of federal payroll taxes for Prebuilt's employees. If INI was permitted to dictate creditor priorities to Prebuilt and allowed to fund only Prebuilt's net payroll requirements, it was only because Prebuilt's officers freely acquiesced in the arrangement, to serve their own self-interest in maintaining Prebuilt as a going

concern. No defense to a finding of willfulness under § 6672 is made out on these facts." *Taubman v. United States, supra*, at 1140–1.

The court concluded that the corporation's relationship with the creditor was "purely voluntary" and held the corporation's officers liable under section 6672. *Id.*, at 1142.

Plaintiff contends that the present case is akin to *United States v. Falino*, 441 F.Supp. 153 (E.D.N.Y.1977), and *First American Bank and Trust Co. v. U. S.*, 79–1 U.S.T.C. 86,368 (W.D.Okl.1979), rather than to *Kalb, supra*, and *Taubman, supra*. In *Falino*, the court held that a surety company which had taken control of the funds of a general contractor pursuant to the terms of a performance bond was responsible for payment of the contractor's withholding taxes. The court therefore dismissed the government's suit to collect assessments against the contractor's president. In *First American*, the court held that a bank which had taken control of a furniture company's finances under a security agreement was a responsible person under section 6672 and that its actions constituted a willful failure to pay withholding taxes due from the corporation. Thus, the bank was found liable for the company's withholding taxes.

The crucial factor in the *Falino* and *First American* cases appears to have been that in both cases the creditor assumed legal control over the corporation's funds. In *Falino*, the contractor's funds were deposited in a joint account and could be withdrawn through checks signed by both the surety and the contractor or by the surety alone. In *First American*, the bank had set up a "remittance" account for the furniture company; all deposits on behalf of the furniture company were made into the remittance account. The bank made withdrawals from the remittance account to cover checks drawn on the company's regular checking account, if a bank employee had approved the checks. Thus, in both cases, the corporation lacked the actual ability to pay the withholding taxes.

█ Plaintiff has not raised any factual issue which would bring this case under the holdings of *Falino* and *First American*. Al-

though some $52,000 of proceeds from the refinancing of Motif's loan in April 1974 was paid into a special account which Citibank controlled, Motif and Gardenville both appear to have retained full legal control over their regular accounts. There is no evidence that Citibank had any legal right or power to effectively dictate to Motif or Gardenville that particular creditors should be paid and that others should not. If Citibank was permitted to exercise such control, it was only because the corporations acquiesced to the bank's instructions. Plaintiff "maintained legal control of the compan[ies], including the power to sign checks." *Kalb v. United States, supra*, at 510. Under the principles of *Kalb* and *Taubman*, plaintiff must be deemed a responsible person within the meaning of section 6672 and his failure to pay over withholding taxes must be deemed willfull.

Based on the foregoing discussion, I conclude that there is no genuine issue of material fact requiring trial of this action. Defendant's motion for summary judgment is hereby ORDERED granted. It is further ORDERED that the Complaint shall be dismissed and that defendant shall be granted judgment in the amount of $18,616.68 plus interest accruing after January 31, 1981 on its counterclaim.