T.C. Summary Opinion 2007-52

UNITED STATES TAX COURT

BRAD DANIEL CLARKE, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5494-06S.          Filed March 29, 2007.

Brad Daniel Clarke, Sr., pro se.

Susan K. Greene, for respondent.

JACOBS, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code as
amended.  Pursuant to section 7463(b), the decision to be entered

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to section 6330(d), petitioner seeks review of respondent's proposed levy action with respect to his income tax liability for tax year 1999. The issue for decision is whether respondent's determination to proceed with the proposed levy action for tax year 1999 was an abuse of discretion.

## Background

At the time petitioner filed the petition, he resided in Houston, Texas. Petitioner filed a Federal income tax return for the tax year 1999 which showed tax of $4,587, a withholding credit of $1,922, and a balance due of $2,665. Respondent assessed the tax shown on petitioner's 1999 return, plus additions to tax and interest. Thereafter, respondent audited petitioner's 1999 return, determined a deficiency of $1,170, and issued a notice of deficiency. Petitioner filed a petition with this Court with respect to the 1999 tax year, but the case for that year was never tried because the parties agreed to a stipulated decision, which was entered on February 28, 2003. In the decision document, the parties stipulated that there was a deficiency of $1,170 for 1999. The parties further stipulated

that interest would be assessed as provided by law.  Petitioner and respondent both signed and dated the stipulated decision.

On June 13, 2005, respondent sent petitioner a notice of intent to levy, advising petitioner that respondent intended to proceed with collection by levy with regard to petitioner's unpaid income tax liability for the tax year 1999.  Respondent advised petitioner that petitioner could request a hearing with respondent's Office of Appeals.

Petitioner requested a collection due process hearing for the tax year 1999, which was held by telephone on November 7, 2005.  In his request for the hearing, petitioner indicated that he did not agree with the proposed levy action because of "financial hardship, low wages, divorce, bankruptcy, child support and multiple lawsuits."  During the hearing, petitioner and the Appeals officer explored collection alternatives. Petitioner stated that he would be willing to pay $50 per month until the 1999 tax obligation was paid.  Petitioner explained that he was earning $10 per hour as a hotel purchasing clerk, that he rented his housing, and that he had very few assets.  At the conclusion of the telephone conversation, the Appeals officer provided petitioner with Form 433-D, Installment Agreement.  In addition to showing the $2,242.31 petitioner owed for 1999, the proposed installment agreement the Appeals officer prepared included the tax year 2004 because respondent's records showed

that petitioner owed approximately $222 for the tax year 2004. The proposed installment agreement provided that petitioner would pay $50 each month beginning January 21, 2006.

Petitioner did not believe that he owed the amount indicated for 2004. On the contrary, he believed that he was entitled to a refund, and therefore he refused to sign the installment agreement. Petitioner explained his reluctance to sign the proposed installment agreement in a voice mail message to respondent's Appeals officer on January 17, 2006. Petitioner reiterated his position in a telephone conversation with the same Appeals officer on January 19, 2006, and again in a letter to the same Appeals Officer dated January 20, 2006, and received by the Appeals officer on February 3, 2006. In the January 20 letter, petitioner wrote that he was, however, "happily cooperating with the IRS by making voluntary payments until this 2004 tax issue can be resolved." Respondent's records show that petitioner made five payments of $50 each between January and April of 2006.[1]

On February 10, 2006, respondent's Appeals officer sustained the proposed levy action. The Appeals officer's notes indicate that in communicating to petitioner his intention to sustain the proposed levy action, the Appeals officer advised petitioner that he did not have jurisdiction over tax year 2004 and that

---

[1]Petitioner had also made a $50 payment in July of 2005.

petitioner could seek assistance with regard to the 2004 tax year from the "TAO's Office".[2]

On March 16, 2006, petitioner filed a petition for lien or levy action and for redetermination of a deficiency with this Court. Because respondent applied petitioner's tax refund from the year 2005 to his outstanding tax liabilities from 2004 as well as from 1999, according to respondent petitioner no longer has an unpaid tax liability for the year 2004 and owes approximately $282.03 for the 1999 tax year.

Petitioner contends that respondent abused his discretion in refusing to enter into a settlement agreement with him unless the agreement included the 2004 tax year as well as the 1999 tax year. Further, petitioner contends that he was owed a refund for the tax year 2004, rather than owing additional tax as respondent determined. This claim, according to petitioner, was never properly evaluated by respondent's Appeals officer. Consequently, petitioner contends that respondent acted improperly in applying a refund due petitioner for the tax year 2005 to 2004, for which year, claims petitioner, he did not owe any tax. Had respondent applied the 2005 refund entirely to amounts owed for 1999, claims petitioner, the liability for 1999 would have been completely paid.

---

[2]We assume that this refers to the Taxpayer Assistance Office.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to any "unpaid tax" only after the Secretary has notified the person in writing of his intention to make the levy and of the taxpayer's right to a section 6330 hearing at least 30 days before any levy action is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Commissioner's Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(1). The taxpayer is entitled to one hearing with respect to "the taxable period to which the unpaid tax specified in * * * [the levy notice] relates." Sec. 6330(b)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account (i) the verification that the requirements of any applicable law or administrative procedure have been met,

(ii) the relevant issues raised by the taxpayer, (iii) challenges to the underlying tax liability by the taxpayer, where permitted, and (iv) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

We have jurisdiction to review the Appeals officer´s determination where we have jurisdiction over the type of tax involved in the case. Sec. 6330(d)(1)(a). Generally, we may consider only those issues that the taxpayer raised during the section 6330 hearing or otherwise brought to the attention of the Appeals Office. Magana v. Commissioner, 118 T.C. 488, 493 (2002). We also have jurisdiction to consider the taxpayer's tax liabilities for years that were not the subject of the notice of determination insofar as they are relevant to computing the taxpayer's tax liability for years that are the subject of the notice of determination. Freije v. Commissioner, 125 T.C. 14, 27 (2005).

Where the underlying tax liability is at issue, we review the determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id.

An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or

lacking sound basis in law, taking into account all the facts and circumstances. See, e.g., <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532-533 (1979).

Petitioner's underlying tax liability for 1999 is not at issue because petitioner received a notice of deficiency for that year and agreed, in a stipulated decision entered by the Court, that he owed, in addition to the self-assessed amount of $4,587 ($1,922 of which had already been paid through withholding credits), tax of $1,170, together with interest.[3]  See sec. 6330(c)(2)(B).  Therefore, we review respondent's determination for abuse of discretion.

Petitioner's first claim is that respondent abused his discretion by refusing to enter into an installment agreement with petitioner for 1999, the tax year in issue, unless the 2004 year were also included.  Petitioner did not believe that he owed

---

[3]Also, an addition to tax arises upon the taxpayer's failure to pay income tax when it is due.  Respondent seeks to collect this addition to tax because petitioner did not timely pay the 1999 tax liability as he had agreed.  See sec. 6651(a)(2) and (3).  It appears that respondent assessed this addition to tax in November of 2000 and again in May of 2006.  Petitioner did not raise the issue of his liability for the addition to tax during his sec. 6330 hearing or otherwise bring it to the attention of the Appeals Office.  Therefore, we do not consider it even though petitioner raised this issue in his petition.  See sec. 301.6330-1(f)(2), A-F5, Proced. & Admin. Regs.  If the issue were properly before us, and if, as appears to be the case, petitioner did not receive a notice of deficiency with respect to the addition to tax or otherwise have an opportunity to dispute it, our review would be de novo.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000).

any tax for 2004; on the contrary, he believed that he was entitled to a refund. Therefore, he refused to agree to respondent's proposed installment agreement, which included in its terms both 1999 and 2004.

Respondent contends that he was merely following his own policies as set forth in the Internal Revenue Manual (IRM). Specifically, IRM sec. 5.14.1.5.1 requires the Commissioner to ensure that all "balance due modules" are included in installment agreements. A "balance due module", according to respondent, included tax year 2004 because respondent's records indicated, at the time the possibility of an installment agreement was discussed, that petitioner had an outstanding balance of tax due for 2004.

Section 6159 authorizes the Commissioner to enter into installment agreements with taxpayers to satisfy their tax liabilities if the Commissioner determines that such agreements will facilitate the collection of the liabilities. The IRM, together with sections 301.6159-1, 301.6320-1, and 301.6330-1, Proced. & Admin. Regs., establishes Internal Revenue Service (IRS) procedures for determining whether an installment agreement will facilitate collection of the liability. This Court has previously upheld the Commissioner's determinations that were based partly on the provisions of the IRM. See, e.g., Orum v.

Commissioner, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); McCorkle v. Commissioner, T.C. Memo. 2003-34; Schulman v. Commissioner, T.C. Memo. 2002-129.

Respondent's position with respect to the installment agreement is in accord with pertinent provisions of the IRM. See IRM sec. 5.14.1.5.1. We are not prepared to find that respondent, in following his own procedures, made a decision that is arbitrary or capricious, clearly unlawful, or lacking sound basis in law.

Respondent's proposed installment agreement contemplated monthly payments of $50. Petitioner had already indicated that he was willing to do this and did in fact make the contemplated payments even in the absence of an installment agreement. Consequently, we cannot say that the installment agreement would have facilitated the collection of the liability or that respondent's refusal to enter into such an agreement would have impeded the collection of the liability.

We reach a different conclusion with respect to the manner in which respondent evaluated petitioner's contentions with respect to the 2004 tax year. Respondent applied petitioner's refund from 2005 to petitioner's 2004 tax.

Section 6402 allows the IRS to credit an "overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who

made the overpayment" and, subject to certain limitations, to refund any balance to the person. In lieu of a refund, a taxpayer can instruct the IRS to credit his overpayment against the estimated tax for the taxable year immediately succeeding the year of the overpayment. Sec. 301.6402-3(a)(5), Proced. & Admin. Regs.

It is well settled that the IRS need only refund, or apply to the taxpayer's estimated tax, that portion of the overpayment that exceeds the taxpayer's "outstanding liability for any tax". Sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs.; see N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996) (quoting United States v. Ryan, 64 F.3d 1516, 1523 (11th Cir. 1995) ("[Section 6402], 'plainly gives the IRS the discretion to apply overpayments to any tax liability'")); Kalb v. United States, 505 F.2d 506, 509 (2d Cir. 1974) (rejecting the argument that because the tax overpayment was voluntary, the IRS was bound to comply with the taxpayer's direction about how to apply that payment; section 6402(a) "clearly gives the IRS discretion to apply a refund to 'any liability' of the taxpayer").

The difficulty in this case is that it was never established that petitioner owed any tax for 2004. Petitioner repeatedly brought to respondent's attention that he did not believe that he owed tax for 2004. On the contrary, petitioner believed that he was entitled to a refund of $243.20, and thus it was

inappropriate for respondent to apply any refund credits from 2005 to the 2004 tax year. Respondent's records[4] show that petitioner filed a 2004 return reporting a tax of $3,119, which was assessed, and that petitioner was entitled to withholding credits of $3,362.20. This difference in withholding credits over the tax owed is $243.20, exactly the amount petitioner claims as a refund. However, respondent's records show that respondent assessed an additional $450 in tax for 2004. There is no explanation in respondent's records as to why this occurred and whether this assessment was preceded by a notice of deficiency. Petitioner explained to the Appeals officer that respondent had disallowed a claimed deduction for 2004 and that petitioner had supplied additional information in support of that deduction. The only answer that petitioner was ever able to obtain from respondent was that the 2004 tax year could not be considered, as it was not the subject of a levy action, and that respondent's Appeals officer did not have jurisdiction over matters relating to 2004.

We find that respondent did not take into account the relevant issues petitioner raised as required by section 6330(c)(3). Indeed, respondent explicitly declined to take into

---

[4]Respondent's records consist of data stored in a computer. Respondent's records pertaining to petitioner's 2004 tax liability were printed on Sept. 13, 2005, well before respondent's Appeals officer upheld the levy on Feb. 10, 2006.

account petitioner's claims pertaining to the 2004 tax year, even though petitioner's arguments were clearly relevant in evaluating the permissibility of the levy action in relation to the 1999 tax.

We hold that respondent's application of petitioner's tax refund amount from 2005 to the year 2004, in the absence of respondent's establishing that there was any tax liability for 2004, even though petitioner repeatedly asserted, and his 2004 return showed, that there was no such liability, was an error of law.[5] The Appeals officer's verification that the requirements of applicable law had been met was incorrect. Accordingly, levy to collect the 1999 assessment may not proceed. We shall remand the determination for 1999 to respondent's Office of Appeals for reconsideration of petitioner's claim that he owed no taxes for 2004 and thus the amount of the refund due him for tax year 2005 should have been applied entirely to tax year 1999.

---

[5]As explained supra note 3, we do not review respondent's imposition of an addition to tax under sec. 6651(a)(2) and (3) for failure to pay income tax when it is due. In the light of our holding that respondent erred as a matter of law in pursuing the levy action, the standard of review that we would employ in evaluating the issue of petitioner's liability for the addition to tax makes no difference. See Kendricks v. Commissioner, 124 T.C. 69, 75 (2005). On remand, respondent should determine whether he should have applied petitioner's entire 2005 refund to tax year 1999 and whether doing so would have reduced or extinguished the 1999 liability and the corresponding addition to tax which was assessed in 2006.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.