Stephen COOPER and Alexandra Cooper, Plaintiffs and Counterclaim Defendants,

v.

UNITED STATES of America and John O. Hummel, Defendants and Counterclaim Plaintiffs.

No. 92–70482.

United States District Court, E.D. Michigan, S.D.

Aug. 6, 1993.

Joseph Falcone, Southfield, MI, for plaintiffs.

Mark D. Lansing, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants.

***ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT***

GADOLA, District Judge.

Defendants/Counterclaim plaintiffs United States of America and John O. Hummel (hereinafter "USA" or "the government") filed a motion for summary judgment November 16, 1992. On December 14, 1992, plaintiffs/counterclaim defendants Stephen and Alexandra Cooper filed a response. The government filed a reply December 22, 1992.

Pursuant to LR 7.1(e)(2) (Jan. 1, 1992), no oral argument was heard.

## BACKGROUND FACTS

On January 20, 1986, Stephen Cooper and Alexandra Cooper, pursuant to 26 U.S.C. § 6672, were each assessed a 100 percent penalty in the amount of $60,341.87 for their failure to collect, account for and pay over the withheld income and Federal Insurance Contributions Act ("FICA") taxes due and owing from Complete Cuisine, Ltd., for the third and fourth quarters of 1983; the second, third and fourth quarters of 1984; and the first quarter of 1985. On January 22, 1985, and February 10, 1986, Stephen and Alexandra Cooper were each assessed 100 percent penalties in the respective amounts of $15,142.05, and $5,598.03 for withheld income and FICA taxes due and owing from Ian's Patisserie, Ltd., for the second quarter of 1982; the second, third and fourth quarters of 1984; and the first quarter of 1985.

In 1976 plaintiffs Stephen and Alexandra Cooper, husband and wife, incorporated Complete Cuisine, Ltd., a pastry shop, cooking school, retail cookware store, and restaurant. After 1981, plaintiffs were the only stockholders, officers and directors of the corporation. Stephen Cooper was its resident agent. Initially, Stephen Cooper was the president of the corporation; however, during the pertinent time periods he was secretary/treasurer, and Alexandra Cooper was the president.

In 1977 or 1978 Ian's Patisserie, Ltd., a wholesale bakery in a building connected to Complete Cuisine, was incorporated by, among others, Alexandra Cooper. Initially, the owners of Ian's Patisserie were Ian Titterton, Complete Cuisine and Alexandra Cooper. Ian's Patisserie was operated by Ian Titterton on a day-to-day basis until September 24, 1982, at which time he was fired by Alexandra Cooper because he had failed to pay over to the IRS the company's withheld payroll taxes. After Titterton was fired, Alexandra Cooper took over the day-to-day operations of Ian's Patisserie. During the pertinent time periods (except for the second quarter of 1982), the owners, officers and directors of Ian's Patisserie were Complete Cuisine, which was jointly owned by plaintiffs, and plaintiffs themselves. As with Complete Cuisine, during the periods in question, Stephen Cooper held himself out as secretary/treasurer of Ian's Patisserie.

Alexandra Cooper ran the day-to-day operations of both corporations. Stephen Cooper was a full-time researcher and professor at the University of Michigan in Ann Arbor, Michigan. Both plaintiffs had signatory authority on the checking accounts of both corporations. Although Alexandra Cooper was responsible for the hiring and firing of personnel, Stephen Cooper concedes that he once notified a bookkeeper that she was fired. In addition, Stephen Cooper did interview at least one applicant for a position as a manager.

Alexandra Cooper's signature appears on some of the quarterly tax returns (Forms 941), which set forth the unpaid payroll taxes owed by corporations; and Stephen Cooper's signature appears on other Forms 941. At some point after firing Ian Titterton, Alexandra Cooper asked Stephen Cooper to negotiate with the IRS concerning the unpaid payroll taxes; and he subsequently did meet with IRS agents to discuss payment. Both Alexandra Cooper and Stephen Cooper paid, or allowed to be paid, creditors other than the United States during the time periods in question. Stephen Cooper has testified that beginning in 1983 he knew that the corporations were not paying their creditors in a timely manner.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law

to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a).

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### APPLICABLE LAW

■ This court has previously set forth the case law covering 26 U.S.C. § 6672, in *Kinnie v. United States,* 771 F.Supp. 842 (E.D.Mich.1991). In section 6672 actions, a taxpayer must prove by a preponderance of the evidence that he or she does not owe the tax assessed by the government. *Collins v. United States,* 848 F.2d 740, 742 (6th Cir. 1988); *Kinnie,* 771 F.Supp. at 848. To be liable under section 6672, two factors must exist:

> (1) the taxpayer must have been a person required to collect, truthfully account for and pay over the withheld taxes; and
>
> (2) the taxpayer must have willfully failed to pay over the withheld taxes.

*Kinnie,* 771 F.Supp. at 848 (citations omitted).

### A. Responsible Person Defined

■ "Liability is predicated upon the existence of significant, as opposed to absolute, control of the corporation's finances." *Gephart v. United States,* 818 F.2d 469, 473 (6th Cir.1987).

> Liability attaches to those with power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government.... This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds.

*Monday v. United States,* 421 F.2d 1210, 1214–15 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

> Courts have recognized a dichotomy between persons who have inherent or ultimate control, such as owners, officers and/or directors, and persons who do not have ultimate control but still exercise significant control over the corporation's finances.
>
> \* \* \* \* .\* \*
>
> With respect to a person having ultimate control, i.e., owners, officers and/or directors, the test for responsibility recognizes that person's inherent authority to exercise control over the corporation, *whether he exercises that authority or not. Thomsen v. United States,* 887 F.2d 12 (1st Cir.1989).... Therefore, certain individuals within any corporation are deemed to have inherent or intrinsic authority regardless of their ostensible duties. As such, these persons are liable as a matter of law.

*Kinnie,* 771 F.Supp. at 849 (emphasis added).

In *Thomsen,* the Court of Appeals for the First Circuit affirmed a district court's directed verdict against the plaintiff, finding him liable as a matter of law. *Thomsen v. United States,* 887 F.2d 12 (1st Cir.1989). Plaintiff was a 45% shareholder of a corporation which owned 50% of the shares of a delinquent corporation, of which he was also an officer and a shareholder. Plaintiff argued that he was not assigned, nor did he actually undertake, any duties involving financial matters of the corporation. The other owner, as the person in charge of the day-to-day operations, performed all financial duties, including payment of creditors, payroll and taxes. In addition, plaintiff argued that he had ceased performing even his non-financial duties because he was employed full-time at another corporation during the time the trust fund taxes were not being paid to the government.

Both the district court and the court of appeals found that plaintiff had at all times in his dealings with the other owner acted as an equal partner. Furthermore, plaintiff had the authority to sign checks, had access to the corporate books, and was an officer of the corporation. The appellate court found that the fact that plaintiff spent no time with the delinquent corporation was not a defense, since "delegation will not relieve one of responsibility; liability attaches to all those under the duty set forth in the statute." *Id.* at 17.

■ In the case of a person who does not have ultimate authority, the central question in determining whether he is a responsible person is whether that person had significant control over the finances of the corporation, not whether the person had significant control over the general operations of the corporation. *Hochstein v. United States,* 900 F.2d 543, 547 (2d Cir.1990); *Kinnie,* 771 F.Supp. at 850. Among the factors to be considered in making a determination are the identity of the officers, directors and stockholders of the corporation; the ability to sign corporate checks; the identity of the person who hired and fired employees; and the identity of the individuals who controlled the day-to-day financial affairs of the corporation. *Gephart,* 818 F.2d at 473; *Kinnie,* 771 F.Supp. at 850–51.

### B. Willfulness Defined

■ In addition to requiring a finding of responsibility, 26 U.S.C. § 6672 imposes a finding of willfulness in failing to pay over the withheld taxes. "Willfully" as used in the statute, however, does not mean that the responsible person acted by virtue of a bad motive or the specific intent to defraud the government or to deprive it of revenue. *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986). "Willfully" means merely that the responsible person "had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the Government." *Gephart,* 818 F.2d at 475. "[E]vidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment on the question of willfulness." *Howard v. United States,* 711 F.2d 729, 735 (5th Cir.1983).

■ Courts have also determined that one who acts with "a reckless disregard for obvi-

ous or known risks will be considered to have acted 'willfully' for purposes of Section 6672." *First America Bank and Trust Co. v. United States*, 79–1 U.S.T.C. Par. 9205m at 86m370 1979 WL 1292, *4, (W.D.Okla.1979), citing *Sorenson v. United States*, 521 F.2d 325 (9th Cir.1975); *Kinnie*, 771 F.Supp. at 852; *Schwinger v. United States*, 652 F.Supp. 464, 470 (E.D.N.Y.1987).

## ANALYSIS

■ Although Alexandra Cooper concedes that she is a responsible person for purposes of section 6672 liability, she contends that through March 1984 she had no knowledge of overdue taxes. However, according to her deposition testimony, she fired Ian Titterton, the operator of Ian's Patisserie on or about September 24, 1982, because he had failed to pay over the withheld payroll taxes of Ian's Patisserie to the government. Alexandra Cooper's Sept. 16, 1992 dep. at 39–40.

In *Schwinger v. United States*, 652 F.Supp. 464, 470 (E.D.N.Y.1987), the district court found that

> Plaintiff ... was aware of the delinquencies, but by his own admissions he continued to rely on the hospital's executive director to make tax payments, and even as the hospital's fiscal difficulties mounted, he did not discuss or seek any information regarding the matter. Thus, even though the plaintiff did not know that the payment schedule was not being met, his failure to investigate or correct mismanagement after having notice that withholding tax delinquencies existed constitutes willful conduct for purposes of Section 6672.

■ In the instant action, there is no question that Alexandra Cooper's failure to correct mismanagement after having notice that withholding tax delinquencies existed at Ian's Patisserie constitutes willful conduct for purposes of section 6672. Therefore, the government is entitled to summary judgment with respect to the section 6672 assessments against Alexandra Cooper for Ian's Patisserie.

With regard to Complete Cuisine, however, the government has failed to present any evidence to show that Alexandra Cooper had

knowledge of unpaid withholding taxes before March 1984. Thus, a genuine issue of material fact exists regarding when Alexandra Cooper became aware of the Complete Cuisine delinquencies.

Stephen Cooper contends that he is not a responsible person for purposes of section 6672 liability. However, he was co-owner and secretary/treasurer of both corporations at all pertinent times. Stephen Cooper had authority to write corporate checks and, in fact, exercised that authority on numerous occasions. In addition, Stephen Cooper had access to the corporate books. Finally, it was he who negotiated with the IRS to work out a payment plan for the delinquent taxes at issues.

■ The fact that plaintiff spent no time with the corporation is not a defense, since delegation will not relieve one of responsibility; liability attaches to all those under the duty set forth in the statute. *Thomsen v. United States*, 887 F.2d 12, 17 (1st Cir.1989). Accordingly, the court finds that Stephen Cooper was a responsible person for purposes of section 6672 liability.

However, regarding a determination of Stephen Cooper's willfulness, the government has been unable to specify the date on which Stephen Cooper met with the IRS to negotiate a settlement. Therefore, there remains a genuine issue of fact regarding whether Stephen Cooper willfully withheld the subject taxes for both corporations.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the government's motion for summary judgment as to plaintiff Alexandra Cooper for taxes due and owing from Ian's Patisserie, Ltd. is **GRANTED.**

**IT IS FURTHER ORDERED** that the government's motion for summary judgment as to plaintiff Alexandra Cooper for taxes due and owing from Complete Cuisine, Ltd., is **DENIED.**

**IT IS FURTHER ORDERED** that the government's motion for summary judgment as to plaintiff Stephen Cooper for taxes due and owing from Ian's Patisserie, Ltd., is **DENIED.**

**IT IS FURTHER ORDERED** that the government's motion for summary judgment as to plaintiff Stephen Cooper for taxes due and owing from Complete Cuisine, Ltd., is **DENIED.**